## Old Man's Home *v.* Fisher, Administrator.

*Decedents' estates—Lien of decedents' debts—Discharge of lien*
*—Sale within two years after decedent's death.*

The lien of a decedent's debts not of record is not discharged by
a sale of real estate of the decedent by a devisee, who is also execu-
tor, within two years after the death of the decedent, although the
proceeds of such sale are included in the executor's account which
was confirmed by the Orphans' Court; and the creditor is not
thereby precluded from asserting his lien before the expiration of
the two-year period.

Argued Jan. 17, 1916. Appeals, Nos. 404 and 406,
Jan. T., 1915, by Charles Margulis, and, Benjamin and
Sarah Bolschun from judgment of C. P. No. 5, Philadel-
phia Co., Dec. T., 1913, No. 459, in case of Old Man's
Home of Philadelphia v. William J. Fisher, Adminis-
trator, d. b. n. c. t. a. of the Estate of Susan J. McKeever,
Deceased, defendant, and Charles Margulis and Benja-
min and Sarah Bolschun, Terre Tenants. Before
BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and
FRAZER, JJ. Affirmed.

Scire facias to revive a judgment. Before MARTIN,
P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff against the terre tenants and
judgment thereon. Charles Margulis and Benjamin and
Sarah Bolschun, terre tenants, appealed.

*Error assigned,* among others, was in refusing defend-
ant's motion for judgment non obstante veredicto.

*David H. Stone,* with him *Wendell P. Bowman,* for
appellants.—The plaintiff is concluded by the proceed-
ings in the Orphans' Court: Kerr v. Day, 14 Pa. 112;
Longwell v. Bentley, 23 Pa. 99; Peoples' Street Ry. Co.

v. Spencer, 156 Pa. 85; Dalrymple's Est., 215 Pa. 367;
Piper's Est., 208 Pa. 636.

*Ralph B. Evans,* with him *Frank P. Prichard,* for appellees, cited: Sergeant's Heirs v. Ewing, 36 Pa. 156; Smith v. Seaton, 117 Pa. 382; Leiper's Executors v. Irvine, 26 Pa. 54.

OPINION BY MR. JUSTICE MOSCHZISKER, March 6, 1916:
October 1, 1910, James McKeever and Susan J., his wife, executed their bond and mortgage in the sum of $2,200 to one John M. Ereckson; by various assignments, this bond and mortgage became vested in the Old Man's Home of Philadelphia; Mrs. McKeever died November 26, 1911, and the mortgaged premises, together with two other properties, namely 808 and 812 McKean street, Philadelphia, passed to her husband as sole devisee under his wife's will; after the death of Mrs. McKeever, the Old Man's Home foreclosed the mortgage and bought in for $75 the property which it covered; on November 24, 1913, two days before the lien of decedent's debts not of record had expired, the Old Man's Home procured letters of administration d. b. n. c. t. a. upon the estate of Mrs. McKeever to be granted to William J. Fisher, and on the same day it brought action on the bond accompanying the mortgage, which suit was proceeded with to judgment; subsequently, on December 22, 1913, a sci. fa. issued, with notice to Charles Margulis, as terre tenant of 812 McKean street, and Benjamin and Sarah Bolschun, as terre tenants of 808 McKean street; an alias sci. fa. went out, and at the trial thereon binding instructions were given for the plaintiff; a verdict was rendered accordingly, upon which judgment was entered, and the defendants, the above named terre tenants, filed this appeal.

The other material facts in the case, and the view of the court below on the law, are tersely set forth in the following excerpts from the charge of the trial judge:

"James McKeever conveyed the real estate to which he became entitled under the terms of his wife's will to James J. Rahilly, who conveyed a portion of the property to Benjamin Bolschun and another part of it to Charles Weinstein (referring to the McKean street properties). Weinstein conveyed the property conveyed to him by Rahilly to Charles Margulis. James McKeever filed his account as executor and was discharged. Letters of administration were granted unto William J. Fisher." After this follows a recital of the judgment against Fisher, administrator, and the sci. fa. against the terre tenants, then the charge proceeds thus: "The judgment obtained against the administrator was upon the bond which became a lien upon the real estate by her (Mrs. McKeever's) death. The conveyance was made by her husband, and the defendants took title within two years after the date of her death. Records of the Orphans' Court, brought in evidence on behalf of the defendants......, indicate that the net proceeds of these properties, when sold by James McKeever, were brought into his account as executor and distributed in accordance with the adjudication by the Orphans' Court, and that the bond of Susan J. McKeever was not presented at the audit or included in the distribution; it is claimed on behalf of the defendants that the right to hold other properties liable for the lien......was thereby lost. The indebtedness of Susan J. McKeever upon the bond signed by her was a valid indebtedness at the time of her death, which became a lien upon all her real estate for a period of two years after her death; failing to present a claim, the holder of the bond was estopped from claiming any share of the fund for distribution in the Orphans' Court, but the lien upon the real estate remained unimpaired." The court having reached the conclusion just stated, binding instructions for the plaintiff followed as a matter of course.

The question is, under the facts in this case, was the court below justified in determining that "the lien on

the real estate remained unimpaired"?   Although in the above mentioned account James McKeever charged himself as executor with $2,200 "received from sale of 808 McKean street," and $2,900 "received from sale of 812 McKean street," yet, it appears that he did not make these sales by leave of court—in order to pay his decedent's debts or to carry out her alleged contracts of sale —nor did he make them as executor under his late wife's will; on the contrary, the deeds expressly show that he acted entirely on his own responsibility, as devisee. Moreover, while the appellants contend that the sales in question were in pursuance of contracts entered into by Mrs. McKeever before her decease, yet the proofs depended upon show that one of these so-called contracts was merely an oral agreement, which could not have been enforced under the statute of frauds, and that the other, although in writing, was not with the same person to whom the deed was made by Mr. McKeever after his wife's death, which is likewise true in the case of the alleged oral contract.   The evidence to prove many of the facts relied on by the appellants, particularly those concerning the two alleged contracts of sale, is of doubtful competence for the purpose; but it is not necessary to discuss this question, for, assuming, but not deciding, that the proofs are sufficient, after considering all the facts depended upon by the defendants, it is apparent that the lien of the decedent's debts not of record was not discharged by McKeever's sale of his wife's real estate, nor by his subsequent accounting in the Orphans' Court, and the plaintiff's right to a verdict against the respective terre tenants was in no way affected thereby; hence, the court below did not err in the several matters complained of in the assignments of error.

Although referred to at the argument of this case, we wish it understood that we do not now either directly or indirectly decide who will first be entitled to possession of the fund which may be realized upon execution, or what claims against the decedent's estate will be a

lien on such a fund when raised, or the order of priority
of liens thereon; nor do we decide the effect upon these
questions of the accounting made by James McKeever,
executor, in the Orphans' Court, or of the adjudication
there had; for none of those points is now before us.
In substance, all the court below determined was that,
since the claim was not contested nor the fact that it
was an existing lien at the decedent's death questioned,
the plaintiff was entitled to a verdict in its favor; and
all that we now decide is that no error was committed
by the trial judge in giving binding instructions accord-
ingly, nor by the court below in entering a general judg-
ment on the verdict rendered in favor of the plaintiff.

The assignments are all overruled, and the judgment
is affirmed.